IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.            No. 1:15-CR-00287-WJ

KYLE MORROW,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING UNOPPOSED MOTION TO RECONSIDER

**THIS MATTER** comes before the Court upon Defendant's Unopposed Motion to Reconsider Denying Compassionate Release (Doc. 59). Having reviewed the pleadings and the applicable law, this Court **GRANTS** the motion.

## DISCUSSION

Defendant pled guilty to possession of child pornography and was sentenced to 120 months of incarceration on April 29, 2015. He filed a Motion to Reduce Sentence, Doc. 50, explaining that has Cerebral Palsy, Autism, Asperger's, and a history of seizures. He has been determined to have borderline functioning intelligence and is developmentally disabled. Due to these conditions, he is particularly vulnerable and has been sexually assaulted at every facility where he has been incarcerated. He weighed 160 lbs. when he entered prison and now weighs under 130 lbs. The Court determined that the combination of these conditions alone justify his release. Doc. 59. It found that these conditions coupled with his heightened risk of contracting Covid-19 weigh even more in favor of his release—especially in light of the fact that he is

currently housed at a facility that has demonstrated an inability to control the spread of Covid-19 outbreaks. *Id*. Nevertheless, the Court denied the motion without prejudice because Defendant's former counsel was instructed and failed to provide the Court with a structured release plan addressing Defendant's living situation and access to technology. *Id*. The Court stated that Defendant could re-file to motion once a release plan was in place that addressed whether he would be a danger to society. *Id*.

He filed the instant motion addressing the Court's concerns. He and his new counsel have worked with United States Probation Officer Sharla Koch to create a comprehensive release plan. Officer Koch conducted a home visit at Defendant's mother's residence, where he intends to live once released. There are no schools, parks, or daycares in the nearby vicinity. His mother expressed to Officer Koch that she believed Defendant should not have access to electronic devices with internet capabilities once released, and that she would assist him in following his conditions of release. The Probation Office has requested that a term of supervised release be that he may possess a computer, but must register the device with the Probation Office and install monitoring software on it. The Probation Office will conduct periodic searches on any device possessed by Defendant.  Defendant must also disclose any usernames and passwords for computer devices, and cell service provider information. This request was granted. Doc. 64.

As Defendant has submitted this structured release plan that addresses his intended residence as well as how his access to technology will be restricted, the Court determines that he has since satisfied that he will not pose a danger to society upon release. The Court reminds Defendant that he stated to the Court his commitment and promise to be a better member of the community if released. The Court hopes and believes that Defendant can be an upstanding and law-abiding member of society, and wishes him the best.

3

The Motion for Reconsideration of Doc. 59 is hereby **GRANTED**. Defendant shall be released immediately from the custody of the Bureau of Prisons and placed on supervised release.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE